Filed 2/28/25  In re J.M. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re J.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | D083871 |
| Plaintiff and Respondent, | (Super. Ct. No. J244179) |
| v. | |
| J.M., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Richard R. Monroy, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

J.M. appeals the order reducing the baseline term of confinement in a secure youth treatment facility the juvenile court had set after J.M. admitted he committed a robbery and two assaults with a firearm when he was

15 years old.  Counsel appointed to represent J.M. on appeal has filed a brief in which he raised no claims of error and asked us to review the record independently for reversible error.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Having reviewed the record and found no prejudicial error, we affirm.

BACKGROUND

Audiovisual recordings on 15-year-old J.M.'s cell phone captured him beating M.C., threatening M.C., removing M.C.'s necklace and pants, and leaving with the loot.  I.M. contacted D.H. and R.B. and told them what had happened to M.C.  When the three arrived at the scene of the incident involving J.M. and M.C., J.M. and four others were waiting for them.  Video surveillance captured J.M. and one of his companions emerging from behind the fence with handguns and firing multiple shots at I.M., D.H., and R.B.  I.M. sustained life-threatening gunshot wounds that required surgery.  R.B. and D.H. sustained non-life-threatening gunshot wounds.

The People filed a petition against J.M. under Welfare and Institutions Code section 602 alleging:  five counts of attempted murder (counts 1–5; Pen. Code, §§ 21a, 187, subd. (a)) (one count each for I.M., D.H., and R.B., and two counts for John Does), with firearm enhancements on all counts (*id.*, §§ 12022.5, subd. (a), 12022.53, subd. (d)) and great bodily injury enhancements on the counts concerning I.M., D.H., and R.B. (*id.*, § 12022.7, subds. (a), (b)); five counts of assault with a semiautomatic firearm (counts 6–10; *id.*, § 245, subd. (b)) (one count each for I.M., D.H., and R.B., and two counts for John Does), with great bodily injury enhancements on the counts concerning I.M., D.H., and R.B. (*id.*, § 12022.7, subds. (a), (b)); robbery of M.C. (count 11; *id.*, § 211); and assault on M.C. by means of force likely to produce great bodily injury (count 12; *id.*, § 245, subd. (a)(4)).  The People

later amended the petition to add two counts of assault with a firearm (counts 13 & 14; *id.*, § 245, subd. (a)(2)) with great bodily injury enhancements (*id.*, § 12022.7, subd. (a)), one for the assault on I.M. and the other for the assault on R.B.  The People asked the juvenile court to declare J.M. a ward of the court and to find the allegations true.

At a readiness hearing, J.M. waived his trial-related constitutional rights and admitted the allegations of robbery (count 11) and assault with a firearm with great bodily injury enhancements (counts 13 & 14).  The juvenile court sustained the petition as to those allegations, granted the People's motion to dismiss the other allegations, and declared J.M. a ward of the court.

At the disposition hearing, the juvenile court ordered J.M. confined at a secure youth treatment facility for a baseline term of two years and set a restitution status review hearing.  (See Welf. & Inst. Code, § 875, subd. (b)(1) [when juvenile court commits ward to secure youth treatment facility, court must set baseline term of confinement]; Cal. Rules of Court, rule 5.806(d) [prescribing baseline term of 2 to 4 years for robbery and assault with a firearm].)  At that hearing, J.M. stipulated the amount of restitution owed I.M. was $11,740, and the court ordered restitution in that amount.

At a progress review hearing held 13 months after the disposition hearing, J.M.'s counsel requested a reduction of at least 90 days in his baseline term of confinement.  (See Welf. & Inst. Code, § 875, subd. (e)(1)(A) [court may order reduction of baseline term at progress review hearing].)  The People opposed that request.  The court adopted the probation department's recommendation and ordered a 27-day reduction.  (See *ibid.* [court must consider recommendations of counsel and probation department]; Cal. Rules of Court, rule 5.806(c) [probation department must make periodic

3

recommendations on any reduction to baseline term based on ward's positive behavior].)

## DISCUSSION

J.M.'s appointed counsel filed a brief in which he summarized the facts and proceedings, raised no claims of error, and asked us to conduct an independent review of the record for reversible error. (See *Wende, supra*, 25 Cal.3d at p. 441 [appellate court must "conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues"].) To assist us in conducting that review, counsel listed the following issues for consideration:

1. "Did the court abuse its discretion . . . when it committed [J.M.] to a secure youth treatment facility, with a baseline confinement term of two years?"

2. "Was there sufficient evidence to support the court's restitution award of $11,740 . . . ?"

3. "Did the court abuse its discretion by reducing the baseline term of [J.M's] confinement . . . by only 27 days?"

(See *Anders v. California* (1967) 386 U.S. 738, 744 (*Anders*) [appointed counsel who raises no claims of error must file a "brief referring to anything in the record that might arguably support the appeal"].) We advised J.M. he could file a supplemental brief, but he did not.

We have considered the issues suggested by counsel and reviewed the entire record, as required by *Anders, supra*, 386 U.S. 738, and *Wende, supra*, 25 Cal.3d 436, and determined there are no grounds for reversal or modification of the order on appeal. We have also determined J.M. received competent representation on appeal.

## DISPOSITION

The order reducing J.M.'s baseline term of confinement is affirmed.


IRION, J.

WE CONCUR:


McCONNELL, P. J.


CASTILLO, J.